**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HECTOR MEZA-VAZQUEZ,

Petitioner,

v.

WILLIAM F. BARR, Attorney General,

Respondent.

No. 15-72672

Agency No. A205-711-242

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 30, 2020[**]
Pasadena, CA

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

Petitioner Hector Meza-Vazquez, a citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") denial of his application for

withholding of removal and protection under the Convention Against Torture

("CAT"). Meza argues that the BIA erred in finding that the Mexican government

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

was willing and able to protect him, and that he does not have a well-founded fear of future persecution if he is removed to Mexico. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review in light of this court's decision in *Bringas-Rodriguez*, 850 F.3d 1051 (9th Cir. 2017) (en banc).

In this case, the BIA held that Meza did not establish that Mexico was unable or unwilling to protect him for purposes of his claim for withholding of removal. The BIA upheld the Immigration Judge's ("IJ") finding (citing *Castro-Martinez v. Holder*, 674 F.3d 1073 (9th Cir. 2011)) that Meza's failure to credibly report the persecution he had experienced to police created a "'gap in proof' as to how the government would have responded," which Meza failed to remedy through additional evidence. As a result, the BIA denied Meza's claim for withholding of removal.

Since the BIA's decision, however, this court, sitting en banc, has overruled *Castro-Martinez*'s rationale. *See Bringas-Rodriguez*, 850 F.3d at 1056, 1069–72. In *Bringas-Rodriguez*, we held that "[f]raming the question of nonreporting as a 'failure' that creates an evidentiary 'gap' ha[s] the inadvertent effect of heightening the evidentiary standard beyond the traditional types of proof, accepted in every prior precedent, that we have deemed sufficient to demonstrate governmental inability or unwillingness to protect victims of persecution." *Id.* at 1069. We

remanded to the BIA for further consideration of its denial of Bringas' withholding of removal and CAT claims. *Id.* at 1076.

Additionally, in this case, the BIA found that Meza lacked a well-founded fear of future persecution if returned to Mexico. The BIA held such fear was not proven because of "the Mexican government['s] . . . significant steps to combat violence and discrimination against homosexuals in Mexico." This seemingly referred to, among other things, the IJ's recital of Mexican laws prohibiting discrimination and providing certain marriage-equality rights. *Bringas-Rodriguez* criticized this kind of reasoning, stating that it "falsely equat[es] legislative and executive enactments prohibiting persecution with on-the-ground progress." 850 F.3d at 1075. On this basis, in *Bringas-Rodriguez*, we remanded to the BIA for further consideration of Bringas' fear of persecution. *Id.* at 1076.

In light of *Bringas-Rodriguez*, the government argues that we should remand this matter to the BIA. We agree. While Meza contends that this court should find him entitled to relief from removal, the "court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002). Remand is appropriate where new factors, such as intervening case law, call into question the BIA's decision. *See Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007). Consequently, we grant the

petition so the BIA can apply *Bringas-Rodriguez* to the facts of Meza's case in the first instance.

Accordingly, the petition for review is **GRANTED** and all of the issues raised in Meza's petition are **REMANDED** to the BIA for consideration of *Bringas-Rodriguez*.